**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| VICKI LYNN SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO.  CIV-04-1271-HE |
| | ) | |
| SEARS ROEBUCK AND CO., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Defendants have moved to strike two witnesses from plaintiff's witness list on the grounds they are expert witnesses who have not been properly disclosed.  Plaintiff has responded.

Defendants object to Mr. Donald Berman, who is apparently a professional engineer based in California.  He was not listed as an expert witness in plaintiff's expert witness list filed November 15, 2005.  No expert report has been submitted as to him.  Plaintiff responds that she intends to use Mr. Berman only as a "fact" witness, to introduce photos that he took of the subject door opener, a videotape he made, and "what he observed about the functioning of the opener at issue with regard to compression forces he measured."  Pl.'s Resp. at 3.  To the extent Mr. Berman testifies as a "fact" witness, rather than as an expert, his testimony is unobjectionable on the grounds cited by defendants and their motion is therefore **DENIED**.  However, plaintiff should understand that Mr. Berman's testimony will be strictly limited to that which a true "fact" witness could offer.  That might include, for example, testimony that a particular photo or videotape accurately reflects the layout and

condition of the opener or garage at a particular time. However, testimony about an

investigation that he conducted, or his analysis of how a particular opener operated, or what

the "compression forces" were, strike the Court as expert, rather than "fact" testimony, and

would be excluded. It is not necessary, for present purposes, to determine precisely where

the line should be drawn in this case. Such determinations are better left for treatment via

motions in limine or by rulings at trial. In any event, expert testimony will not be permitted

from Mr. Berman in the circumstances of this case.

Dr. Leatherman is the emergency room physician who evaluated and/or treated

Tommy Howard at the hospital. He was not identified as an expert witness in plaintiff's

expert witness list.[1] Apparently, he was not identified, at least in any formal way, by plaintiff

at any point prior to submission of her final witness list. Defendants argue he will give

expert testimony and that the rules for disclosure have been violated. Plaintiff suggests that

there is no problem, as no expert report is needed.

In <u>Davoll v. Webb</u>, 194 F.3d 1116 (10th Cir. 1999), the Court of Appeals concluded

that a treating physician is not an "expert" witness for purposes of the Rule 26 disclosures

so long as the physician's testimony is limited to observations based on personal knowledge,

relating to the treatment and prognosis of the patient. <u>Davoll</u>, 194 F.3d at 1138. <u>See</u> <u>United</u>

<u>States v. Henderson</u>, 409 F.3d 1293, 1300 (11th Cir. 2005) (citing <u>Davoll</u> and holding that

---

[1]*He was apparently also not identified in early discovery responses from plaintiff. However, the Court views compliance with the Court's scheduling order as the more pertinent consideration here.*

a treating physician's testimony concerning her diagnosis of the patient was permissible lay testimony, but statement about the cause of the injury was impermissible expert testimony); Principi v. Survivair, Inc., 231 F.R.D. 685, 692 (M.D. Fla. 2005) (citing Davoll and noting that a treating physician's testimony is not analyzed under Fed. R. Evid. 702 so long as the testimony is "limited to observations based on personal knowledge, including the treatment of a party"). See also Parker v. Cent. Kansas Med. Ctr., 57 Fed.Appx. 401, 404 (10th Cir. Feb. 24, 2003) (district court did not abuse discretion by striking portion of treating physician's testimony which fell outside parameters of Davoll).[2]  So long as the testimony remains within those parameters, neither the identification requirement of Rule 26(a)(2)(A) nor the report requirement of 26(a)(2)(B) are implicated.[3]  Accordingly, defendants' motion is **DENIED** as to Dr. Leatherman.  Any testimony from him must, however, be consistent with the scope limitations discussed in Davoll.

---

[2]*Parker is an unpublished opinion cited for persuasive value only pursuant to 10th Cir. R. 36.3(B).*

[3]*Here, it appears Dr. Leatherman, regardless of whether he qualified as an "expert" witness or not, should have been formally disclosed as part of plaintiff's initial disclosures.  Fed.R.Civ.P. 26(a)(1)(A).  However, as his identity was disclosed in the sheriff's report provided to defendants in discovery, the Court concludes the failure to properly and formally disclose his identity did not prejudice the defendants to such a degree as would warrant the complete exclusion of the witness.*

**IT IS SO ORDERED**.

Dated this 9th day of January, 2006.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE